# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARBARA WILLIAMS and DANNY WILLIAMS,
a married couple and Nevada residents,
GIA MARIE D'ERICO, a Nevada resident
and Guardian ad Litem for GIANNI GIANCOLA
and GIANNI GIANCOLA,

                Plaintiffs,

vs.                                                  CIV 03-01476 JC/WDS

ESPANOLA MERCHANTILE CO., a New Mexico
Corporation, BOBBY EDMONDS, DOES I through
X; ROES 1 through X, inclusive,

                Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on *Plaintiffs' Motion in Limine to Exclude Any and All Reference to Plaintiff Gia D'Errico's Drug Use*, filed June 17, 2005 (*Doc. 52*); Plaintiffs' *Motion for Separate Trial*, filed June 17, 2005 (*Doc. 60*); *Plaintiffs' Motion in Limine to Exclude Any and All Reference Claiming Gary DeShazo M.D. Facilitated Medical Referrals for an Improper Purpose*, filed June 17, 2005 (*Doc. 54*); and *Plaintiffs' Motion in Limine to Exclude Any and All Reference to Barbara Williams Suffering Trauma Subsequent to the Subject Accident*, filed June 17, 2005 (*Doc. 56*) (collectively "Motions").  The Court, having considered the Motions, the parties' submissions, the relevant authority, and being otherwise fully advised, finds none of the Motions well-taken.  Therefore, and for the reasons discussed briefly below, each of the Motions is DENIED.

1.    *Gia D'Errico's Drug Use*

Pursuant to Federal Rules of Evidence 401, 402 and 403, Plaintiffs seek exclusion of any and all evidence pertaining to Plaintiff Gia D'Errico's drug use.  Alternatively, Plaintiffs request bifurcation of Ms. D'Errico's claims from those of remaining Plaintiffs pursuant to Rule 42(b) of the Federal Rules of Civil Procedure to isolate Plaintiffs Barbara and Danny Williams and Gianni Giancola from any ensuing prejudice if the evidence is presented to the jury.  Plaintiffs contend that because Ms. D'Errico was not operating the motor vehicle involved in the accident, her use of drugs has no probative value regarding the cause of the accident.

Defendants assert that Ms. D'Errico placed her drug use in issue by testifying at deposition on October 15, 2004 that she had neither been diagnosed with any drug addiction nor had, in fact, suffered any drug addiction *after* the relevant automobile accident on July 23, 2001.  At that time, Ms. D'Errico stated that she had not used medication of any kind since the July 23, 2001 accident, with the exception of ibuprofen.  Gia D'Errico Dep. at 34:19-35:22.  Defendants submit medical records obtained following D'Errico's October 15, 2004 deposition in which Ms. D'Errico (1) admitted to methamphetamine use after July 23, 2001; (2) stated an intent to "quit speed" in May 2002; (3) acknowledged her use of methamphetamine on May 5, 2002; and (4) received multiple prescriptions from Dr. DeShazo between July 23, 2001 and her October 2004 deposition.  Resp., Exs. C, D  Further, in her deposition taken on April 25, 2005, Ms. D'Errico admitted receiving prescription medications from Dr. DeShazo for Oxycodone, Percocet, Soma, Alprazolam, Diflucan, and Baclofen.  Following D'Errico's April 25, 2005 deposition, Defendants obtained medical records indicating that D'Errico visited an emergency room on March 19, 2005 and a resulting toxicology report showing a positive result for methamphetamines on that date.  A note in the record also

2

indicates that Ms. D'Errico was instructed on that date that "this clinic will not distribute narcotics on a daily basis."  Response, Ex. E.  Finally, Defendants submit Dr. Wellborn's Report indicating his ultimate conclusion that drug abuse caused Ms. D'Errico to be "very restless" and "in distress" during his medical evaluation of her on March 2, 2005.  Resp., Ex. F.

The Court determines that Ms. D'Errico's use of drugs clearly bears no relevance to the cause of the accident in question and it should not be admitted for that purpose. The Court declines at this time, however, to determine whether and to what extent Ms. D'Errico's use of methamphetamines and narcotics may be admissible for another limited purpose at trial and thus reserves such ruling. If, however, evidence relating to Ms. D'Errico's use of drugs is presented at trial upon proper foundation, the Court will provide an appropriate limiting instruction to avoid undue prejudice to either Ms. D'Errico herself or any other Plaintiff.

2.    _Gary DeShazo, M.D./Referrals_

Plaintiffs seek exclusion of any evidence that Plaintiffs' treating physician and expert witness, Gary DeShazo, M.D., "facilitated referrals for medical care for an improper purpose such as to inflate Plaintiffs' damages."  Mem. in Supp. at 2.  Plaintiffs assert that "there is absolutely no foundation for such an inference and therefore any related evidence or argument is inadmissible."  _Id._

Defendants respond that Dr. DeShazo's treatment of Plaintiffs and referrals to other physicians are highly relevant and appropriately the subject of questioning at trial, as Defendants dispute the reasonableness of  all DeShazo's referrals and the associated costs.  Issues Defendants identify as particularly relevant include (1) the nature of the relationship between all Plaintiffs and Dr. DeShazo; (2) Dr. DeShazo's testimony that he worked closely with Plaintiffs' Nevada attorney, Benson Lee, and that DeShazo negotiated liens with Mr. Lee and received power of attorney from

Mr. Lee in connection with his representation of Plaintiffs in this case; (3) that DeShazo's referrals in this matter are to health care providers who would accept attorney liens; (4) that Dr. DeShazo referred Plaintiff Barbara Williams for thirteen (13) MRIs; (5) that Dr. DeShazo treated Plaintiffs Barbara and Danny Williams following a 1992 accident and that the 1992 treatment of Barbara Williams involved similar body parts and diagnoses as implicated in the instant case.

The Court determines that the evidence and inferences Plaintiffs seek to exclude pertaining to Dr. DeShazo's referrals are plainly admissible at trial upon proper foundation, for the relevance of such evidence is manifest.

3.    *Inference of Trauma Subsequent to the 2001 Accident*

Pursuant to Rule 401, 402 and 403, Plaintiffs seek exclusion of any evidence "concerning Plaintiff Barbara Williams suffering trauma subsequent to the accident at issue in this case." Mot. at 1. Specifically, Plaintiffs refer to the deposition testimony of Gary Ross, M.D. who stated that he has seen dental bridges that have been sheared off in a way similar to Barbara Williams' bridges from trauma such as baseball bat injuries, significant car accidents and incidents of domestic assault. Ross Dep. at 31:7-32:3. Dr. Stuart King was then questioned at his deposition regarding whether a baseball bat, accident or incident of domestic violence could cause the seizure disorder interpreted from Dr. Godin's records pertaining to Barbara Williams. King Depo. at 86:14-20. Additionally, Dr. Wellborn testified that "[i]t is suspicious that she may have had an intervening injury subsequent to the motor vehicle accident in question which led to the findings noted on the thoracic and lumbar MRIs." Mem. in Support, Ex.3.

Defendants contend that evidence of subsequent trauma is of "unquestionable relevance" because Barbara Williams claims her current dental condition was caused by the July 23, 2001

4

automobile accident while there exists an x-ray of Barbara Williams' mouth taken on September 3, 2002 which indicating the possibility that her lower abutment teeth were intact and not severed at that time.  Further, Dr. Ross testified that the bridge abutment teeth in question were necessarily sheared off after the September 2002 as the result of some trauma.  Ross Dep. at 20:8-23:11;24:19-23;28:7-15;28:24-30:5.    Similarly, Dr. Golpa declined to attribute Barbara Williams' condition as of September 3, 2002 to trauma, as did Dr. Salazar.  Golpa Dep. at 52:25-53:20;54:3-18; Resp., Exs. C, D.

Given evidence of abutment teeth possibly present on September 3, 2002, combined with testimony that the damaged teeth and lost bridge work Barbara Williams attributes to the July 2001 accident is necessarily the result of a trauma of some sort, Defendants are permitted to pursue their theory of intervening trauma.

WHEREFORE,

**IT IS ORDERED that**

1.  ***Plaintiffs' Motion in Limine to Exclude Any and All Reference to Plaintiff Gia D'Errico's Drug Use*, filed June 17, 2005 (*Doc. 52*) is DENIED at this time with final ruling reserved for trial**;

2.  **Plaintiffs' *Motion for Separate Trial*, filed June 17, 2005 (*Doc. 60*) is DENIED;**

3.  ***Plaintiffs' Motion in Limine to Exclude Any and All Reference Claiming Gary DeShazo M.D. Facilitated Medical Referrals for an Improper Purpose*, filed June 17, 2005 (*Doc. 54*) is DENIED; and**

4.      *Plaintiffs' Motion in Limine to Exclude Any and All Reference to Barbara Williams Suffering Trauma Subsequent to the Subject Accident*, **filed June 17, 2005** (*Doc. 56*) **is DENIED.**

Dated July 18, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

      Dennis K. Wallin, Esq.
      Law Offices of Dennis K. Wallin, P.C.
      Moriarty, New Mexico

      R. Daniel Fleck, Esq.
      The Spence Law Firm, L.L.C.
      Jackson, Wyoming

Counsel for Defendants:

      Mark J. Riley, Esq.
      Courtenay L. Keller, Esq.
      Riley, Shane & Hale, P.A.
      Albuquerque, New Mexico